MARC APPLBAUM, ESQ. SBN# 222511
BRYAN GONZALES ESQ. SBN#192688
MIDWAY LAW FIRM APC.
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (619) 268-8977

Email: bobby@midwaylawfirm.com

Attorney for  BLANCA GOMEZ

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BLANCA GOMEZ,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY OF VICTORVILLE CITY COUNCIL, a chartered California city, KEITH METZLER, in his individual capacity and as VICTORVILLE CITY MANAGER, DEBRA JONES, as an individual; GLORIA GARCIA in her individual capacity and in the capacity of the Mayor of Victorville, California, ANDRE de DEBORTNOWSKY, JAMES COX, CHARLENE ROBINSON, MARCIA WOLTERS, SOPHIE SMITH, SUE JONES, SAN BERNARDINO SHERIFF DEPARTMENT, NILS BENTSEN, in his individual capacity, DOES 1-50, inclusive.<br><br>DEFENDANTS. | Case No.<br><br>COMPLAINT FOR:<br><br>I.   CIVIL RIGHTS VIOLATIONS OF FIFTH AMENDMENT-PROCEDURAL DUE PROCESS UNDER 42 USC § 1983<br>II.  DECLARATORY JUDGMENT<br>III. VIOLATIONS OF THE BROWN ACT<br>IV. VIOLATIONS OF THE BANE ACT (CAL CIV. CODE §52.1)<br>V.  DEFAMATION-LIBEL PER SE<br>VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>VII. FALSE AREST<br><br>REQUEST FOR:<br><br>• Declaratory Relief<br>• TRO<br>• Punitive Damages<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR: I. VIOLATION OF 47 USC §230; II. FRAUD-INTENTIONAL REPRESENTATION;
III. DEFAMATION-LIBEL; IV. DEFAMATION-LIBEL PER SE; etc.

**COMPLAINT**

BLANCA GOMEZ (herein referred to as the Plaintiff) by and through undersigned counsel, files its Complaint against Defendants, respectfully allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this action pursuant to Title 28 of the United States Code §§§1331, 1343, and 1367 as well as pursuant to Title 47 and Title 18 of the United  States Code § 230 and subject matter of PLAINTIFFS state claims arising out of California's common law pursuant to *28 § U.S.C 1331* et. seq. for supplemental jurisdiction under the Declaratory Judgment Act.

2.     All the events described herein occurred in San Bernardino County, California pursuant to Title 28 of the United States Code § 1931, Venue is therefore appropriate here in the Central District Court of California.

**PARTIES**

3.     PLAINTIFF BLANCA GOMEZ is a resident of Victorville and does business in this District. (Herein referred to as "PLAINTIFF".

4.     Defendant CITY OF VICTORVILLE CITY COUNCIL (herein referred to as "CITY COUNCIL") does business in this District.

5.     Defendant KEITH METZLER is being sued in his individual capacity and as VICTORVILLE CITY MANAGER and is a resident of Victorville, CA and does business in this District. (Herein referred to as "DEFENDANT METZLER")

6.     Defendant DEBRA JONES is a resident of Victorville, California and does business in this district and acting as acting as the residing appointed Mayor notwithstanding the PLAINTIFF was elected with enough votes to have this appointment.  (Herein referred to as DEFENDANT JONES)

-2-

7.   Defendant GLORIA GARCIA in her individual capacity and in the capacity of the Mayor of Victorville, California is a resident of Victorville, California. (Herein referred to "DEFENDANT MAYOR")

8.   Defendant ANDRE de BORTNOWSKI is a resident of Calabasas, California and does business in this district as the City Attorney while in private practice as a managing partner of Green de Bortnowski, LLP a municipal law firm. (herein referred to as DEFENDANT CITY ATTORNEY)

9.   Defendant JAMES COX is a resident of Victorville, California and does business in this district.  (herein referred to as DEFENDANT COX )

10.   Defendant CHARLENE ROBINSON is a resident of Victorville, California and does business in this district. (herein referred to as DEFENDANT ROBINSON)

11.   Defendant MARCIA WOLTERS is a resident of Victorville, California and does business in this district. (herein referred to as DEFENDANT WOLTERS)

12.   Defendant SOPHIE SMITH is a resident of Victorville, California and does business in this district. (herein referred to as DEFENDANT SMITH)

13.   Defendant SUE JONES is a resident of Victorville, California and does business in this district.  (herein referred to as DEFENDANT JONES)

14.   Defendant SAN BERNARDINO SHERIFF DEPARTMENT does business in this district.

15.   Defendant NILS BENTSEN is a resident of Hesperia, California and does business in this district. (herein referred to as DEFENDANT)

16.   PLAINTIFF is informed, believe and thereon allege that all named defendants and Does 1-50 are, and each of them is, responsible for the acts alleged herein as the agents and employees of named defendants and believe and thereon allege that all defendants were, and each was, when doing the acts herein alleged, acting within the scope of their office, authority, agency and/or employment, in

representative capacity and are therefore individually and collectively responsible for the acts complained of herein.

17.   This action is brought without prejudice to PLAINTIFFS right to seek monetary compensatory damages in a subsequent action or Amendment to this Complaint once their right to be sued and PLAINTIFFSs herein specifically reserves that right.

18.   This action is, at present, brought for injunctive relief, declaratory relief and punitive damages, declaratory relief for all published statements not protected by the First Amendment shall be removed and therefore the individual defendants are proper defendants.  Furthermore, PLAINTIFF alleges that there is no immunity, qualified or otherwise where there is bad faith, willful conduct and/or erroneous content. *Armstrong v. Wilson* (9th Cir.1997) 124 F.3d 1019, 1026;  *Pulliam v. Allen* (1984) 466 U.S. 522, 523; *Vidmar v. Williams* (N.D. Cal. 2005) 367 F.Supp.2d 1265. DEFENDANTS are hereby put on notice that any arguments that unsuccessfully raises these issues in a 12(b) (6) motion - which are based on the aforementioned cases and their precedent/progeny - will be commented on at trial as further evidence of bad faith in support of PLAINTIFFS request for punitive damages.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

19.   PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

20.  PLAINTIFF alleges that Victorville, California is a Chartered City that established a Council-Member Form of Government under which the City Council sets policy and DEFENDANT City Manager, KEITH METZLER ("DEFENDANT CITY MANAGER") administers the government. (A true copy of the Charter for the City of Victorville is attached as Exhibit A)

21.   At all times material, PLAINTIFF heard DEFENDANT JONES tell staff to turn off city camera and keep turned off at CITY COUNCIL meetings to make it appear that PLAINTIFF is not making appearances.

22.   On November, 2016 BLANCA GOMEZ was elected to her first four year term as a City of Victorville Council Member with the highest number of votes.

23.   On or about February 6, 2018, GLORIA GARCIA in her individual capacity and in the capacity of the Mayor of Victorville, California publicly stated that PLAINTIFF "was a criminal on welfare" as a result of her alliances with pro-immigration and homeless nonprofit organizations.

24.   PLAINTIFF requests the Court to take Judicial Notice that PLAINTIFF is not allowed to either object or cast her vote in favor or in opposition to CITY COUNCIL matters, including, but not limited to, approving $18,000.00 paid by the Victorville taxpayers for attorney fees paid to DEFENDANT ANDRE de BORTNOWSKI law office that represents civil litigation clients, including, local resident Joe Fekete that had filed a Civil Harassment lawsuit against the MAYOR.

25.   On August 2, 2018, BLANCA GOMEZ alleges that she was wrongfully arrested as a result of a City Hall employee requesting a citizen's arrest on suspicion of resisting arrest and trespassing at Hesperia City Hall for assisting local candidates running for public office.

26.   On December 3, 2018 the petition to recall PLAINTIFF failed due to a lack of signatures.

27.  On September 9, 2020, Victorville Daily Press leaked a story that DEFENDANT KEITH METZLER sent a letter to the California Employment Development Department after his suspicion of employment fraud based on an unemployment claim filed on May 17, 2020 under the common and ubiquitous name, B GOMEZ.

-5-

28.     PLAINTIFF alleges that on October 15, 2020 while hosting a fundraising event at Hook Park in Victorville, CA for voter registration and election awareness where she was harassed by multiple undercover law enforcement officers Covid Code Enforcement Supervisor GEORGE DURAN notwithstanding that she fully complied with Covid 19 guidelines. (A true copy of the letter is attached as Exhibit B)

27.     On November 29, 2020, The City of Victorville elected BLANCA GOMEZ (herein referred to "PLAINTIFF" with a majority vote of over 80% as a CITY COUNCILMEMBER for a second term of four years with enough votes to have the third seat in the CITY GOVERNMENT that has not taken place.

28.     At all times material PLAINTIFF is locked out of city council meetings and denied access to city business and documents in an arbitrary and capricious manner.

29.     Upon information and belief DEFENDANT METZLER is a cousin to the DEFENDANT MAYOR and also related to DEFENDANT COX whose stepdaughter is married to DEFENDANT CITY ATTORNEY and that ELIZABETH BECERRA, the newly elected COUNCILMEMBER is a cousin to DEFENDANT MAYOR and that journalist, Rene la Cruz with the Daily Press is a nephew to DEFENDANT MAYOR. In Victorville nepotism is rampant among the elected and appointed officials.

30.  PLAINTIFF alleges the CITY CLERK OF HESPERIA contacted DEFENDANT BENSEN to coordinate the unlawful arrest of PLAINTIFF.

31.  At all times material PLAINTIFF is subjected to systematic harassment, discrimination and intimidation by online Facebook platforms and random blogging as a duly elected City Councilmember by all named DEFENDANTS.

32.  PLAINTIFF alleges that the unsuccessful petition to remove her from office in 2016 was coordinated and financed by DEFENDANT WALTERS, CITY

COUNCIL OF VICTORVILLE, DEFENDANT CITY CLERK, DEFENDANT ROBINSON and DEFENDANT COX.

33.   PLAINTIFF alleges that all named DEFENDANTS are systematically disrupting her from performing her duties as a CITY COUNCILMEMBER by physically and electronically blocking access to CITY COUNCIL meetings and to her city government emails for the sole purpose of keeping her silent and for asking questions about the fraud and corruption agenda being systematically and strategically coordinated by all named DEFENDANTS.

Wherefore, PLAINTIFF prays for relief as set forth fully below

FIRST CAUSE OF ACTION

(Violation of Fifth Amendment - Procedural Due Process)

(42 U.S.C. §1983)

(Against all DEFENDANTS)

34. PLAINTIFF incorporates by reference all preceding allegations as though fully set forth herein.

35. In 1871, Congress created a cause of action, now codified as 42 USC § 1983 to redress the violation of constitutional rights by persons acting under color of state law.

36. Fifth Amendment guarantees that, "no person shall be deprived of life, liberty, or property without due process of law" and applied to all states by the Fourteenth Amendment.  Defendants both jointly and severally use their public positions in city and county government under color of state law to violate the constitutional rights of the PLAINTIFF for both political and monetary gain notwithstanding that the PLAINTIFF was duly elected by a majority vote to represent the interests of her constituents, not the personal interests of the named defendants.

37. PLAINTIFF alleges that the US Supreme Court has remedies under *42*

-7-

*USC § 1983* for violations of due process for both nominal and compensatory damages.

38. PLAINTIFF alleges that all named defendants acted under color of state law in the capacity of government officials for the City of Victorville and San Bernardino County.

39. At all times material, PLAINTIFF has been deprived of her constitutional right to due process as described in the City Charter and State Bylaws. (A true copy of the Bylaws for the League of California Cities as Exhibit C)

40. PLAINTIFF alleges that all named DEFENDANTS has subjected or caused her to be subjected to the alleged violations as stated herein.

41. In *Monroe v Pope*, the United Supreme Court held that *§ 1983* need not establish a "specific intent to deprive a person of a federal right". See *Monroe v. Pope*, 365 US 187 (1976).

42. PLAINTIFF alleges that no named defendant can assert absolute immunity on the basis that each named DEFENDANT has acted maliciously and in bad faith to perpetuate an agenda of fraud and corruption against the taxpayers that elected them or had them appointed.

43. PLAINTIFF further alleges all named DEFENDANTS are responsible for the natural consequences of their conduct.

44. PLAINTIFF is informed and believes and thereon alleges that defendants' conduct, under color of state law was malicious, oppressive and/or in reckless disregard of plaintiffs' rights.

Wherefore PLAINTIFF prays for relief as set forth fully below.

SECOND CAUSE OF ACTION

(Declaratory Judgment against all Defendants)

45. PLAINTIFF hereby incorporates the entirety of the above and below

allegations as if fully set forth hereunder.

46.     PLAINTIFF seeks a declaratory judgment from the Court as to each and every alleged constitutional violation in this Complaint and that the illegal and discriminatory conduct alleged in this Complaint be discontinued, forthwith.

47.     An actual, present and justiciable controversy has arisen between the Plaintiffs and Defendants that seek a declaratory judgment from this Court on the basis of the conduct by the DEFENDANTS in multiple violations of the United States Constitution.

48.     PLAINTIFF seeks a declaratory judgment under *Rule 57, F.R.C. P* as the existence of another remedy does not preclude a declaratory judgment in favor of the Plaintiff's that is appropriate as it will terminate the controversy whether the constitutional rights of the Plaintiff were violated by the DEFENDANTS.

49.     PLAINTIFF requests relief for a declaratory judgment as a summary proceeding to prevent a miscarriage of justice.

50.     Additionally, PLAINTIFF requests that this Court issue a declaratory judgment in favor of the Plaintiffs, sua sponte as permitted under Rule 57.

Wherefore, PLAINTIFF prays for relief as set forth fully below

THIRD CAUSE OF ACTION

(Violations of the Brown Act against all Defendants)

51.     PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

52.     PLAINTIFF alleges that the legislative intent for the Brown Act under *California Government Code § 54950* et. seq. is to avoid secrecy in government.

53.     PLAINTIFF alleges that DEFENDANT VICTORVILLE CITY COUNCIL, individually and collectively, representatives and stakeholders in their area, that all government actions must be conducted at publicly noticed meetings in accordance to *Gov. Code § 54952.2* and that the CITY COUNCIL fails to Parliamentary procedure govern by the Rosenberg rules with the respect to the

minority that is never practiced when PLAINTIFF appears at meetings.

54.     PLAINTIFF alleges that the DEFENDANT VICTORVILLE CITY COUNCIL have its meetings cloaked in secrecy and further allege that its acts are prohibited under the Brown Act.

55.     Upon information and belief violations of the Brown Act may result in civil and criminal penalties.

56.     On that basis, PLAINTIFF alleges that as a proximate result of Brown Act violations of the City Charter and State Bylaws are being perpetrated, intentionally and maliciously by excluding the PLAINTIFF from participating from her duties an duly elected official and that all ordinances passed by the CITY COUNCIL be set aside and reheard since 2016 with a disclosure of the improper communications to the local constituents for an open meeting forum.

57.     PLAINTIFF further allege that VICTORVILLE CITY COUNCIL the local neighborhood council be required to remedy its improper actions and be held liable for its attorney fees and costs from its own budget.

Wherefore plaintiffs pray for relief as set forth fully below

FOURTH CAUSE OF ACTION

(Violations of the Bane Act against CITY OF VICTORVILLE and all Defendants)

58.     PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

59.     PLAINTIFF alleges a *Monell Claim* on the basis that liability can be imposed on a local government on the basis that the City Government policies towards the PLAINTIFF caused her alleged constitutional violations and injuries.

60.     This claim is brought by the PLAINTIFF against the CITY OF VICTORVILLE and all DEFENDANTS in their individual capacities and as co-conspirators.

61.     PLAINTIFF alleges that the Bane Act are based on state claims, the city government officials are entwined with violations of the US Constitution.

-10-

62.     PLAINTIFF alleges the Bane Act punished any person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion with the exercise or enjoyment by any individual or individuals rights secured by the Constitution or laws of this state.

63.     As a proximate cause of the CITY OF VICTORVILLE and all Defendants illegal and malicious conduct PLAINTIFF is demanding damages within the jurisdiction of this Court.

## FIFTH CAUSE OF ACTION

### (Defamation per Se against DEFENDANT MAYOR)

64.     PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

65.     Upon information and belief a statement is Defamation per Se if it defames the PLAINTIFF on its face without the need for extrinsic evidence in accordance to *Cal. Civ. Code § 45a.*

66.     Before, during and after the defamatory statements PLAINTIFF is an elected official as a CITY COUNCILMEMBER in Victorville, California since 2016.

67.     On or about February 8, 2018, DEFENDANT MAYOR made statements to the Victorville Daily Press that PLAINTIFF was both a "criminal and using welfare" since "she does not work" and that PLAINTIFF was "stupid".

68.     DEFENDANT MAYOR reasonably understood that her statements made were about the PLAINTIFF.

69.     Upon information and belief DEFENDANT understood the statements to mean that PLAINTIFF was a "criminal" using welfare and stupid and failed to use reasonable care to determine the truth or falsity of her statements.

70.     PLAINTIFF is entitled to recover her actual damages on the basis that DEFENDANTS conduct was a substantial factor for causing harm to her reputation, occupation and authority as a CITY COUNCILMEMBER.

71.     At no time was DEFENDANT communication privileged or protected by the First Amendment.

72.     PLAINTIFFS without proving evidence of damages is entitled to receive compensation in an amount to reasonable compensate her for the shame and embarrassment and   entitled to punitive damages since the DEFENDANT acted with malice and oppression.

73.     As a proximate cause of DEFENDANT MAYOR reprehensible conduct PLAINTIFF entitled to an award of no less than $1,000,000.00 to set an example and punish.

SIXTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against all Defendants)

74.     PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

75.     Before publication of the newspaper articles PLAINTIFF had not been a disrespected citizen of the Victorville, California community.

76.     Starting in 2016, CITY OF VICTORVILLE CITY COUNCIL and all named defendants engaged in a systematic and calculated campaign to damage PLAINTIFFS reputation with the intention of interference and subterfuge with her ability to represent constituents that consists of homeless, low income, Hispanic, minority individuals and businesses not popular, or of any interest to the named DEFENDANTS.

77.     DEFENDANT MAYOR and her agents, staff and employees instituted a campaign involved publishing numerous false statements of fact in local newspapers, local journalists, local government official publications and online platforms. Some of the more egregious false statements of fact that were published calling PLAINTIFF a "criminal" receiving welfare, collecting unemployment checks, etc. DEFENDANTS knew or had reason to know that all of these

-12-

representations were false and published them with the intent to destroy

PLAINTIFFS reputation as a CITY COUNCILMEMBER and aspiring politician in

state of California.

78.    DEFENDANT MAYOR and her staff, associates and employees

statements were made to cause harm, embarrassment, shame and emotional pain to

PLAINTIFF.

79.    PLAINTIFF alleges that all statements were made to cause her

severe emotional and physical distress.

80.    DEFENDANTS conduct was extreme, outrageous and acted with

reckless disregard for PLAINTIFFS rights with deliberate indifference to the

certainty that PLAINTIFF has suffered severe emotional distress in the form of

humiliation, mental anguish, anxiety, emotional distress, and alienation from the

business and with her constituents.

81.    As a direct and proximate result of DEFENDANTS conduct,

PLAINTIFF has suffered general damages in an amount to be determined according

to proof at trial.

82.    DEFENDANTS conduct was done knowingly, willfully and with

malice and oppression and PLAINTIFF is entitled to punitive damages in an amount

to be determined according to proof at trial.

SEVENTH CAUSE OF ACTION

(FALSE ARREST)

(Against Defendant SAN BERNARDINO SHERIFF DEPARTMENT)

83.    PLAINTIFF hereby incorporates the entirety of the above and below

allegations as if fully set forth hereunder.

84.    On August 2, 2018, BLANCA GOMEZ alleges that she was

wrongfully arrested pursuant to Penal Code § 834 as a result of Hesperia City

Manager, DEFENDANT NILS BENTSEN who used his personal cell phone to take

-13-

PLAINTIFF'S picture when she was requesting that SHERIFF CROSSWHITE not videotape her arrest for purely political reasons capturing and publishing her illegal arrest on the internet for suspicion of resisting arrest and trespassing at Hesperia City Hall for nothing more than assisting local candidates running for public office.

85.      PLAINTIFF alleges that DEFENDANT SAN BERNARDINO SHERIFF DEPARTMENT commenced a legal action without probable cause solely to embarrass PLAINTIFF for political reasons as requested by DEFENDANT CITY MANAGER that is intent on harming the PLAINTIFF in retaliation for being independent and honest.

86.      PLAINTIFF alleges that DEFENDANT SAN BERNARDINO COUNTY SHERIFF caused her harm and that the officer employed was a substantial factor in causing PLAINTIFF harm.

87.      DEFENDANT SAN BERNARDINO COUNTY SHERIFF

88.      As a proximate cause of the illegal conduct, PLAINTIFF is seeking nominal damages donated to a charity of her choice and a public apology published prominently in the Los Angeles Times and local newspapers in San Bernardino County.

## IRREPARABLE HARM

PLAINTIFF hereby incorporates by reference that a Temporary Restraining Order be ordered against all named Defendants prohibiting retaliation against the PLAINTIFF as there is a strong likelihood of success on the merits as well as PLAINTIFF will suffer irreparable harm if the requested injunctive relief is denied pursuant to Federal Rule Civ. Proc. 65(b).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays for the following:

A.      Damages, including general and special damages, in an amount to be determined at trial.

B.      Punitive damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.      Prejudgment interest.

D.      Costs to the extent provided by law, including attorney's fees and costs

as      provided by statute.

E.      Declaratory Relief; and

F.      Any order of further relief as the Court deems just and proper.


DATED:  December 21, 2020

/s/ Marc Applbaum

Marc Applaud, Esq.
MIDWAY LAW FIRM APC
Attorney for PLAINTIFF
BLANCA GOMEZ

-15-

1

## **DEMAND FOR JURY TRIAL**

2

3        PLAINTIFFSs demand a jury trial of all triable issues.

4

5        DATED:  December 21, 2020          /s/ Marc Applbaum

6                                                              Marc Applaud, Esq.
                                                               Attorney for PLAINTIFF BLANCA
7                                                              GOMEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2 **EXHIBIT C**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOMEZ FEDERAL  COMPLAINT 12-20-2020